IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*ex rel.* CHRISTOPHER SHANNON<br>BROACH,<br><br>    Plaintiff,<br><br>v.<br><br>SOUTHERN AMBULANCE<br>TRANSPORT, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No.: 2:15cv45-WHA-WC<br>)  (WO)<br>)<br>)<br>)<br>)<br>) |

## **ORDER**

This cause is before the court on Plaintiff-Relator's, Christopher Shannon Broach's ("Relator") Motion to Dismiss Without Prejudice. (Doc. # 19).

Relator originally filed this *qui tam* action on January 22, 2015 under the False Claims Act, 31 U.S.C. § 3729 *et seq.* On January 5, 2017, the United States of America filed a Notice of Election to Decline Intervention, notifying the court of its decision not to intervene in this action. (Doc. # 17). On the same day, Relator filed this Motion. (Doc. # 19).

The False Claims Act authorizes private citizens to bring suits, referred to as *qui tam* actions, on behalf of the United States against anyone submitting a false claim to the Government. 31 U.S.C. § 3130(b); *Hughes Aircraft Co. v. U.S. ex rel. Schumer*, 520 U.S. 939, 941 (1997). However, once a private citizen brings a *qui tam* action, "[t]he action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting." *See* 31 U.S.C. § 3730(b)(1).

In this case, the United States has neither given written consent nor stated its reasons for consenting to dismissal. Moreover, the United States in its Notice of Election to Decline

Intervention, specifically referred the court to 31 U.S.C. § 3730(b)(1), and requested that "should either the relator or the defendant propose that this action be dismissed, settled, or otherwise discontinued, this Court solicit the written consent of the United States before ruling or granting its approval." (Doc. # 17). *See U.S. ex rel Eisenstein v. City of N.Y., N.Y.*, 556 U.S. 928 (2009) (noting that the government retains certain rights even after it chooses not to intervene). Accordingly, the court cannot grant the Relator's Motion at this time.

That the Relator has "notified the United States Attorney's Office for the Middle District of Alabama of his intent to seek the dismissal of his claims without prejudice and was informed that the government has no objection to the dismissal without prejudice" is insufficient, without more, for this court to grant dismissal. *See* 31 U.S.C. § 3730(b)(1). The statutory language unambiguously requires the Government to give *written* consent and to state its reasons for giving consent to a dismissal. *See id.*

Accordingly, the United States is Directed to file a response to the Relator's Motion to Dismiss Without Prejudice on or before **Tuesday, January 17, 2017**.

Done this 9th day of January, 2017.

/s/ W. Harold Albritton
W.  HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE